**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | |
| RETIREMENT FUND, LOCAL 597; | ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | CIVIL ACTION |
| WELFARE FUND, LOCAL 597; | ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | |
| TRAINING FUND, LOCAL 597; the | ) | NO.: 13-CV-195 |
| BOARD OF TRUSTEES of the CHICAGO AREA | ) | |
| MECHANICAL CONTRACTING INDUSTRY | ) | |
| IMPROVEMENT TRUST; | ) | MAGISTRATE |
| THE PIPE FITTERS' ASSOCIATION, | ) | JUDGE: SOAT BROWN |
| LOCAL 597 U.A.; BOARD OF TRUSTEES | ) | |
| of the PIPE FITTERS' INDIVIDUAL | ) | |
| ACCOUNT and 401(K) PLAN; and | ) | |
| BOARD OF TRUSTEES of the PIPE FITTING | ) | |
| COUNCIL OF GREATER CHICAGO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KRAMER MECHANICAL LLC, an Illinois | ) | |
| Limited Liability Company; and | ) | |
| TIMOTHY KRAMER, an Individual. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO REINSTATE LAWSUIT AND**
**FOR ENTRY OF AN IMMEDIATE JUDGMENT**

NOW COME the Plaintiffs, the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597, *et al.*, by and through their attorneys, Johnson & Krol, LLC, and pursuant to this Court's Order of July 1, 2013, move to Reinstate the Lawsuit and for Entry of an Immediate Judgment against the above captioned Defendants and in support state as follows:

1.    Plaintiffs are the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597, the

Board of Trustees of the Pipe Fitters Welfare Fund, Local 597, the Board of Trustees of the

Pipe Fitters Training Fund, Local 597, the Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust, the Board of Trustees of the Pipe Fitters' Individual Account and 401(k) Plan and the Board of Trustees of the Pipe Fitting Council of Greater Chicago (collectively "TRUST FUNDS"), and The Pipe Fitters' Association, Local 597 U.A ("UNION").

2.  Defendants are Kramer Mechanical, LLC ("KRAMER MECHANICAL") and Timothy Kramer ("KRAMER").

3.  On January 11, 2013, Plaintiffs filed their Complaint in the above-captioned matter.

4.  On or about June 24, 2013, the Plaintiffs and Defendants entered into a Secured Settlement Agreement that requires the Defendants to submit twenty-one (21) monthly payments of $4,306.42 to pay off the principal balance of $85,603.80 at an interest rate of 6.0%. (Docket No. 27) (A copy of the Secured Settlement Agreement is attached as Exhibit 1).

5.  The terms of the Secured Settlement Agreement provide that in the event KRAMER MECHANICAL and KRAMER default on any of their obligations under the terms of the Secured Settlement Agreement:

    A.) All remaining payments will be accelerated and become immediately due and payable;
    B.) KRAMER MECHANICAL and KRAMER hereby confess judgment for any and all unpaid amounts;
    C.) An additional liquidated damages charge of 10% of all unpaid amounts shall become due and payable by KRAMER MECHANICAL and KRAMER; and
    D.) In the event the TRUST FUNDS and/or UNION are required to engage an attorney to collect any amounts due under this Agreement, KRAMER MECHANICAL and KRAMER shall be liable for all reasonable attorney's fees and costs incurred by the TRUST FUNDS and UNION. (Exhibit 1).

6.  The Secured Settlement Agreement further states that Defendant KRAMER shall be individually liable for the obligations of KRAMER MECHANICAL under the terms of the Agreement, including the submission of ongoing Contributions for all months throughout

2

the duration of the Agreement. (Exhibit 1).

7.     On July 1, 2013, the Court entered an Order Dismissing the Lawsuit and Retaining Jurisdiction to Enforce the Terms of the Parties' Secured Settlement Agreement. (A copy of the Court's Order dismissing the matter and retaining jurisdiction to enforce the Secured Settlement Agreement is attached as Exhibit 2).

8.     The Defendants have failed to submit their contribution payments for the months of September and October 2013 in the amount of $89,755.58. (An Affidavit of Michael Maloney is attached as Exhibit 3).

9.     Defendants' failure to pay the September and October 2013 contributions is a direct default of the terms of the Secured Settlement Agreement and this Court's Order of July 1, 2013. (Exhibits 1 and 2).

10.    The Secured Settlement Agreement states that upon default all remaining payments will be accelerated and become immediately due and payable. (Exhibit 1).

11.    The Secured Settlement Agreement further states that upon default Defendants KRAMER MECHANICAL and KRAMER confess judgment for any and all unpaid amounts. (Exhibit 1).

12.    The Plaintiffs seek to reinstate the lawsuit and request the immediate entry of judgment against Defendants KRAMER MECHANICAL and KRAMER, jointly and severally, pursuant to the Secured Settlement Agreement and Confession of Judgment.

13.    Defendants currently owe Plaintiffs $89,755.58 in unpaid contributions for the months of September and October 2013. (Exhibit 3).

14.    Defendants currently owe Plaintiffs $72,076.72 in unpaid principal pursuant to the breached Secured Settlement Agreement. (Exhibit 3).

3

15.     The Defendants owe the Plaintiffs $15,065.18 in unpaid liquidated damages as a result of the breached Secured Settlement Agreement and for untimely contribution payments. (Exhibit 3).

16.     Defendants currently owe Plaintiffs $1,295.83 in unpaid attorney's fees and costs pursuant to the Collective Bargaining Agreement, Trust Agreements, Secured Settlement Agreement and 29 U.S.C. §1132(g)(2)(D).  (Affidavit of Attorney's Fees is attached as Exhibit 4).


**WHEREFORE, Plaintiffs request the following:**

A.     That the Court reinstate the matter against KRAMER MECHANICAL and KRAMER pursuant to its Order of July 1, 2013;

B.     That Judgment immediately be entered in favor of Plaintiffs and against Defendants KRAMER MECHANICAL and KRAMER, jointly and severally, in the amount $89,755.58 for unpaid contributions for the months of September and October 2013 pursuant to the breached Secured Settlement Agreement;

C.     That Judgment immediately be entered in favor of Plaintiffs and against Defendants KRAMER MECHANICAL and KRAMER, jointly and severally, in the amount $72,076.72 for unpaid principal pursuant to the breached Secured Settlement Agreement;

D.     That Judgment immediately be entered in favor of Plaintiffs and against Defendants KRAMER MECHANICAL and KRAMER, jointly and severally, in the amount of $15,065.18 for unpaid liquidated damages;

E.     That Judgment be entered in favor of Plaintiffs and against Defendants KRAMER MECHANICAL and KRAMER, jointly and severally, in the amount of $1,295.83 for all reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective

Bargaining Agreement, Trust Agreements, Secured Settlement Agreement and 29 U.S.C. §1132(g)(2)(D);

F.      That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).


Respectfully submitted,

**TRUSTEES OF THE PIPE FITTERS
RETIREMENT FUND, LOCAL 597,** *et al.,*


By:     /s/ Jessica L. Adelman - 6305349
        One of Plaintiffs' Attorneys

Jessica L. Adelman
JOHNSON & KROL, LLC
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 372-8587