UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PIPE FITTERS RETIREMENT FUND, LOCAL 597, et al., | ) ) ) ) Case No. 13 C 195 |
| Plaintiffs, | ) ) |
| | ) Magistrate Judge Geraldine Soat Brown |
| v. | ) ) |
| KRAMER MECHANICAL LLC and TIMOTHY KRAMER, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiffs' motion to reinstate their lawsuit and for entry of immediate judgment. (Pls.' Mot.) [Dkt 28.] Defendants oppose the motion. (Defs.' Resp.) [Dkt 34.] For the following reasons, plaintiffs' request to reinstate is granted but the request for immediate judgment is denied.

### Background

The plaintiffs are the administrators of various trust funds related to The Pipe Fitters' Association, Local 597 U.A. ("the Union") and the Union itself. (Compl. ¶¶ 3-6.) [Dkt 2.] According to plaintiffs, defendant Kramer Mechanical LLC and its managing member Timothy Kramer (collectively, "Kramer") agreed in 2006 to be bound by the Union's collective bargaining

1

agreement and corresponding trust agreements, which require Kramer to make monthly contributions to the trust funds. (*Id.* ¶¶ 10-12 & Ex. 1.)

In August 2012, before the filing of this case, the parties settled an earlier dispute related to Kramer's obligations under the collective bargaining and trust agreements. (Compl. ¶ 16.) The settlement agreement required Kramer to pay a total of $101,031.93, including approximately $65,500 in contribution deficiencies, $24,400 in liquidated damages, $5,200 in interest, and $5,800 in "Settlement L[iquidated] D[amages] and Interest." (Compl., Ex. 3 at 1.) Kramer also agreed to continue making monthly contribution payments on the 15th of each month in accordance with the collective bargaining agreement. (*Id.* ¶ 5.)

Five months later, on January 11, 2013, the plaintiffs filed this lawsuit, alleging that Kramer had breached the August 2012 settlement agreement by failing to submit timely contribution payments. (Compl. ¶¶ 20-25.) Plaintiffs claimed damages of $72,512.01 to account for missed payments, liquidated damages, and attorney's fees. (*Id.* ¶ 28(F).) Federal jurisdiction was predicated on § 301 of the Labor Management Relations Act ("LMRA"), and § 502 of the Employee Retirement Security Act ("ERISA"). (Joint Jurisdictional Report at 2, citing 29 U.S.C. §§ 185, 1132(e)(1).) [Dkt 13.] *See also Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013) (explaining that the LMRA governs contract disputes between employers and labor organizations); *Trustees of Carpenters' Health & Welfare Trust Fund of St.Louis v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012) (explaining that ERISA fiduciaries may sue under ERISA to enforce the terms of a welfare-benefit plan). In early February, the parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636. [Dkt 17, 18.]

On May 28, 2013, the parties reported that they had reached a second settlement agreement. [Dkt 24.] Under the new agreement, Kramer "agreed to pay and [the plaintiffs] agreed to accept the sum of $85,603.80 to settle all current liabilities." (Pls.' Mot., Ex. 1 ¶ 3.) The agreement established a monthly payoff schedule requiring 21 monthly payments of $4,306.42 due on the first of each month. (*Id.* ¶ 4.) Kramer also again agreed to submit ongoing contribution reports and payments by the 15th of each month as required by the collective bargaining agreement. (*Id.* ¶ 7.) Further, the agreement provided that, in the event of a default of any obligation under the agreement, "all remaining payments referenced herein will be accelerated and become immediately due and payable" and "an additional liquidated damages charge of 10% of <u>all unpaid amounts</u> shall become due and payable." (*Id.* ¶ 8 (underlining in original).) The agreement also allows plaintiffs to recover attorney's fees if they are "required to engage an attorney to collect any amounts due." (*Id.*)

On July 1, 2013, the court entered the parties' stipulated order dismissing the lawsuit without prejudice. (Order, July 1, 2013.) [Dkt 27.] The order states that the court "shall retain jurisdiction over the Parties and hereby grants the Plaintiffs leave to reinstate the proceedings in the above-captioned matter to enforce the terms of the Settlement Agreement entered into by and between the Parties in June 2013, but not later than March 15, 2015." (*Id.* ¶ 2.) The order adds that "[t]he dismissal without prejudice will automatically convert to a dismissal with prejudice unless a motion to reinstate has been filed on or before March 15, 2015." (*Id.* ¶ 5.) Pursuant to the settlement agreement, the order also requires Kramer, "to submit monthly Contribution Reports and payments in a timely manner beginning with the contribution period of May 2013 through the duration of the Settlement Agreement as required by Article III of the Collective Bargaining Agreement." (*Id.* ¶ 4.)

On December 2, 2013, the plaintiffs moved to reinstate their lawsuit and for entry of immediate judgment. (Pls.' Mot.) In the motion, plaintiffs assert that Kramer defaulted on the 2013 settlement agreement by failing to submit contribution payments for September and October 2013. (*Id.* ¶ 8.) They request immediate judgment in an amount equal to the missed contribution payments for September and October 2013, the remaining principal on the settlement agreement, liquidated damages, and attorney's fees. (*Id.* ¶¶ 13-16.) In an attached affidavit, a representative of the plaintiffs asserts that the liquidated damages resulting from the breach are $15,065.18. (*Id.*, Ex. 3.)

In response, Kramer argues that the motion to reinstate should be denied and, in any event, that plaintiffs' calculation of damages is improper. (Defs.' Resp. at 3-5.) Kramer concedes that its contribution payments for September and October 2013 were late, but asserts that it paid the deficiency in full on December 5, 2013. (*Id.* at 4.) Kramer also points out that it has not missed any of the monthly installment payments under the 2013 settlement agreement. (*Id.* at 3.) Kramer argues that accelerating the principal payments and awarding liquidated damages and attorney's fees would amount to an improper windfall for the plaintiffs. (*Id.* at 4.) Kramer also insists that plaintiffs fail to support their claimed $15,065.18 in liquidated damages. (*Id.*) Instead, Kramer contends that plaintiffs' "only possible actual damages are in an amount equal to the time value of the contribution payments that were submitted on December 5, 2013 and a new suit should be required to establish that." (*Id.*)

In reply, plaintiffs confirm that Kramer made the September and October 2013 contribution payments in December 2013 and that Kramer has not missed any of the installment payments required in the settlement agreement. (Pls.' Reply at 2.) [Dkt 35.] Nevertheless, plaintiffs maintain that, because of Kramer's delay in making contribution payments, they are entitled to an immediate

4

judgment of $74,574.60, including accelerated payment of $54,072.09 in remaining settlement principal plus interest, liquidated damages of $15,065.18, and $5,437.33 in attorney's fees. (*Id.* at 7-8.)

**Discussion**

The court first addresses Kramer's argument that "a new suit should be required to establish" plaintiffs' damages. (Defs.' Resp. at 4.) That argument touches on the question of when federal courts may reinstate a lawsuit to enforce a settlement, though Kramer does not acknowledge the complexities involved in that inquiry. A district court does not retain jurisdiction, and thus may not reinstate a lawsuit, to enforce a settlement agreement merely because the agreement prompted the lawsuit's dismissal. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994); *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007); *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006). But the court properly retains jurisdiction when, as here, (1) the lawsuit was dismissed *without* prejudice, (2) the parties agreed to the court retaining jurisdiction to enforce the settlement agreement for a limited amount of time, and (3) the motion to reinstate was filed within that time. *See Kokkonen*, 511 U.S. at 381-82; *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005); *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, No. 01 C 9389, 2013 WL 6224489 at *3 (N.D. Ill. Dec. 2, 2013) (summarizing Seventh Circuit decisions on this issue). If retention of jurisdiction is proper, the parties need not file a new complaint to enforce the terms of the settlement. *See Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006) (explaining that limits on retention of jurisdiction are "about adjudicatory competence, not the number of filing fees a plaintiff

5

must pay"). Accordingly, a new lawsuit is not required for plaintiffs to pursue enforcement of the settlement agreement.

Kramer also asserts, in a cursory fashion, that it is "in compliance with the June 2013 Agreement and the reinstatement of the lawsuit is unnecessary." (Defs.' Resp. at 4.) Kramer admits, however, that its September and October 2013 contribution payments were late. (*Id.*) That delay ran afoul of the requirement in the settlement agreement that Kramer make contribution payments on the 15th day of each month. (Pls.' Mot., Ex. 1 ¶ 7.) The delay also violated the terms of the dismissal order requiring Kramer to submit monthly contribution payments "in a timely manner." (*Id.*, Ex. 2 ¶ 4.) Thus, the court grants plaintiffs' request to reinstate the lawsuit to enforce the settlement agreement.

Nevertheless, although the court is persuaded that reinstatement is proper, the damages resulting from Kramer's conduct are less clear. Plaintiffs' request for $15,065.18 in liquidated damages is more than 16% of the late September and October 2013 contribution payments (which amounted to a total of $89,755.58), even though the settlement agreement limits liquidated damages to 10% of any unpaid amount. (Pls.' Mot. at 2-4.) The problem seems to be that plaintiffs' calculation of liquidated damages assumes that Kramer missed *three* contributions, rather than two. This is shown by the affidavit from plaintiffs' representative, who states that Kramer purportedly missed a payment in June 2013, the same month the settlement agreement was signed. (*Id.*, Ex. 3 ¶ 3.) This incongruity is not explained by plaintiffs' motion or reply. Because the plaintiffs have not supported their calculation of damages, this court declines to enter immediate judgment.

**Conclusion**

For the reasons stated above, plaintiffs' request to reinstate their lawsuit is granted but their request for entry of immediate judgment is denied. The parties are strongly urged to reach an agreement about the amount of damages in this matter. A status hearing for the purpose of discussing further proceedings in this matter is set for March 18, 2014.

_____
Geraldine Soat Brown
United States Magistrate Judge

Date: March 4, 2014